## Katy Grubb's Exr. v. Margaret Black.

**Living in Common with a Family — Understanding as to Compensation for Services.**
  A person who goes to the house of another to share the benefits and hospitalities of the family cannot at their own will and pleasure convert themselves into a hired servant without the knowledge or consent of the head of the family.

**Instructions.**
  The jury should have been told by the court that if they believed from the evidence that the defendant lived with Thomas Grubbs as a member of his family and that he furnished her food and clothing and kept no account thereof, and that he had not promised to pay her otherwise for her services and that after his death she continued to live with his wife in the same way, that the law was for the defendant.

**Same Instructions to Modify Erroneous Ones.**
  Even an instruction given to modify an erroneous one previously given will generally confuse and mislead a jury, but when they are separate and independent and without reference to the erroneous instruction, they do not correct the error.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 1, 1867.

Opinion of the Court by Judge Williams:

Miss Black had lived many years with her uncle, by marriage, Thomas Grubb, before his decease, and continued to live with his

widow, her aunt, afterward until her decease, except a few months. Thomas Grubb made a bequest to her of a slave, etc., worth $1,000 or $1,200, and Mrs. Grubb a specific legacy of $500 and a general one of about $100.

She seems to have lived in common with the family, being furnished with clothing, etc., had servants to wait upon her, etc. Grubb and wife having no children and being in independent circumstances no doubt desired her company, and doubtless this was a very great inducement for their kindness to her, and her assistance and kind attentions no doubt contributed to their comfort and happiness; still there seems to have been no express contract for her services, nor compensation therefor.

Nor is there any direct and positive proof of a promise on Mrs. Grubb's part or that of her husband that Miss Black should be compensated for her services by way of bounty at their decease; under such state of evidence the jury should have been told by the court that if she lived with Thomas Grubb as a member of his family, and that he furnished her food and clothing and kept no account thereof, and that he had not promised to pay her otherwise for her services, nor to make her a bequest in consideration therefor, and that after his death she continued to live with her aunt in the same way, and that she did not promise to pay her for her services, nor to make her a bequest in consideration thereof, that the law was for the defendant.

The circumstances developed in the evidence at least raises a doubt whether Miss Black ever expected compensation, other than as a member of the family; but however this may be, unless Mrs. Grubb understood that Miss Black was living with her, not as a member of her family, but as a hired person, for whose services she was to pay, her estate cannot be held responsible for any such compensation.

A person who goes to the house of another to share the benefits and hospitality of the family cannot at their own will and pleasure convert themselves into a hired servant without the knowledge or consent of the head of the family.

The first instruction given at plaintiff's instance was erroneous as it predicated the finding of the jury upon the fact of rendering the services, wholly ignoring whether such services were rendered as a member of the family and without any promise on the part of the decedent to pay therefor.

The second instruction asked for by defendant and refused should be given with some modification. It leaves out of view whether there was any promise to compensate her for her services by way of legacy. And although the circumstances named therein might authorize the jury to believe there was no promise or intention on Mrs. Grubb's part to compensate Miss Black for the services, yet they should be told that unless they believed Mrs. Grubb had promised or intended to compensate Miss Black for such services by paying her or making a bequest to her and that she had not done so the law was for defendant.

Even instructions given to modify an erroneous one previously given will generally confuse and mislead a jury, but when they are separate and independent and without reference to the erroneous instruction as in this case they do not correct the error.

The judgment is reversed with directions for a new trial and further proceedings in conformity to this opinion.

*Hazelrigg & Winn,* for Appellant.

*Turner & Reed,* for Appellees.